IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **STANDARD INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-03060 |
| | ) | |
| **MICHAEL J. HARNETT, BROOKE KLETZLI, KELLEN KLETZLI, CHRISTINA WEIPRECHT, and MARQUITA L. HARNETT,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Standard Insurance Company's Motion for Discharge (d/e 9). The Motion is GRANTED.

**I. BACKGROUND**

In March 2017, Plaintiff filed this statutory interpleader action pursuant to 28 U.S.C. § 1335. The Complaint for Interpleader names as defendants Michael J. Harnett, Brooke Kletzli, Kellen Kletzli, Christina Weiprecht, and Marquita L. Harnett. Because many of the parties have the same last name, the Court will refer to the individuals by their first names.

The Complaint for Interpleader contains the following allegations. Plaintiff issued a Group Life Insurance Policy to the Albuquerque Public Schools on January 1, 2012. The Policy provided life insurance coverage to eligible employees of the Albuquerque Public Schools, including the decedent, Vesta Harnett. Vesta retired from employment with the Albuquerque Public Schools in 1991, 24 years before her death on September 17, 2015. Several years prior to her death, Vesta moved from Albuquerque to Springfield, Illinois. Upon Vesta's death, her lawful beneficiary or beneficiaries were eligible for life insurance benefits, which included a basic life insurance benefit of $4,000 and an additional life insurance benefit of $25,000. The total benefit of $29,000 is referred to as the "Life Benefit."

In December 2015, the Albuquerque Public Schools advised Plaintiff of Vesta's death. As a result of Vesta's death, the Life Benefit under the Policy became due and payable upon Plaintiff's receipt of proof of loss and proof of those designated to be the lawful beneficiaries of the Life Benefit.

Defendant Michael J. Harnett, Vesta's son, made a claim for 100% of the Life Benefit. Michael claimed he was entitled to 100%

based on the most recent beneficiary designation. Specifically, on July 22, 2015, Vesta named Michael as her agent in an Illinois Statutory Short Form Power of Attorney For Property. Within three days, and pursuant to the power of attorney, Michael changed Vesta's prior beneficiary designation to provide Michael with 100% of the Life Benefit.

Plaintiff asserts that the Retiree Life Insurance Change Form is ambiguous in that the form suggests that the beneficiary change is only with respect to the $25,000 benefit. However, near the bottom of the page, in the area of the form titled "BASIC LIFE BENEFICIARY (if applicable)," Michael purports to also designate himself as the beneficiary of 100% of Vesta's Basic Life Insurance— the $4,000 benefit.

Plaintiff rejected Michael's claim to 100% of the Life Benefit on the ground that the power of attorney did not, under Illinois law, authorize Michael to change the beneficiaries of the Life Benefit. If Michael is not entitled to 100% of the Life Benefit, Vesta's beneficiary designation of June 15, 2011 applies. The June 2011 designation divides the $4,000 benefit equally between Michael and Marquita, Vesta's daughter. The 2011 beneficiary designation

divides the $25,000 benefit between Michael and Marquita (one-third each) and between Vesta's four grandchildren (one-twelfth each).  The grandchildren are Christina, Kellen, Brooke, and Sean Kletzli.  Plaintiff did not name Sean Kletzli as a defendant in this case because, upon Plaintiff's information and belief, Sean died in a motorcycle accident in 2014.  Under the June 15, 2011 beneficiary designation, upon the death of Sean, his one-twelfth would be apportioned equally among the remaining three living grandchildren Vesta designated as beneficiaries at the same time she designated Sean.  Compl. ¶ 24; but see Policy at 28 (d/e 53) (applying the following where two or more beneficiaries are named in a class: "If you provide for unequal shares in a class, and two or more Beneficiaries in that class survive, we will pay each surviving Beneficiary his or her designated Share.  Unless you provide otherwise, we will then pay the share(s) otherwise due to any deceased Beneficiary(ies) to the surviving Beneficiaries pro rata based on the relationship that the designated percentage or fractional share of each surviving Beneficiary bears to the total shares of all surviving Beneficiaries.").

Plaintiff alleges that it faces multiple liabilities due to the competing claims. Plaintiff asked Defendants to settle and resolve their controversies regarding the Life Benefit and advised that it would abide by any decision they might reach on the division of the Life Benefit of $29,000. Defendants have not settled their disputes, necessitating the filing of this action.

After the Court granted Plaintiff's motion to deposit funds, Plaintiff deposited $29,000 with the Clerk of the Court (d/e 4).

Michael, Christina, and Kellen executed waivers of service (see docket entries 5, 6, and 7) and their answers were due in May 2017. No answers or other responses were filed.

Brooke was served with summons on April 20, 2017. See d/e 11. In letters dated April 24, 2017, both Marquita and Brooke acknowledge receipt of the Summons and the Complaint. The letters, which are notarized, also state: "Please consider this my formal, written notice of non-participation in pursuit of and confirmation that I do relinquish my monetary benefit from the life insurance policy[.]" See Letters (d/e 10-2, 10-3).

On August 4, 2017, Plaintiff filed a Motion for Discharge (d/e 9) asking that Plaintiff be discharged from liability and dismissed

from this lawsuit with prejudice. Plaintiff waives its claim for attorney's fees and costs.

On August 23, 2017, this Court entered a text order advising Defendants that the failure to file an answer or otherwise respond to the Complaint for Interpleader would result in an entry of default judgment against him or her. The Court directed the Defendants to file an answer or otherwise respond to the Complaint on or before September 22, 2017. The Court also advised the Defendants that they could appear in court without counsel. The Court stayed ruling on Plaintiff's Motion for Discharge until after September 22, 2017. The Clerk of the Court mailed copies of the Text Order to Defendants. No answers or responses were filed, but the mailing to Kellan was returned as undeliverable.

On October 13, 2017, the Court held a telephone status conference. Marquita and Plaintiff's attorney participated. In addition, Vicky McCoy participated as the agent for Christina pursuant to a power of attorney.

## II. JURISDICTION

Pursuant to 28 U.S.C. § 1335, federal courts have original jurisdiction over interpleader actions when the amount in

controversy is $500 or more and the case involves two or more adverse claimants of diverse citizenship. 28 U.S.C. § 1335; Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991). The plaintiff must also deposit the money into the registry of the court for the court to have jurisdiction. 28 U.S.C. § 1335(a)(1). Nationwide service of process is authorized for interpleader actions under § 1335. 28 U.S.C. § 2361; Mut. Life Ins. Co. of N.Y. v. McKnight, 642 F. Supp. 1432, 1434 (N.D. Ill. 1986).

In this case, more than $500 is at issue and Defendants are adverse. Additionally, minimal diversity among competing claimants to the life insurance benefit exists. The Complaint alleges that Michael is a citizen of Illinois, Brooke is a citizen of Colorado, Christina is a citizen of Virginia, and Marquita is a citizen of New Mexico. Kellen is a U.S. citizen abroad in the People's Republic of China who previously lived in Denver, Colorado. See Am. Family Mut. Ins. Co. v. Roche, 830 F. Supp. 1241, 1245 (E.D.Wis.1993) (the minimal diversity required by § 1335 does not require consideration of the citizenship of the plaintiff stakeholder). Finally, Plaintiff deposited the funds in the registry of the court. Therefore, the Court has jurisdiction.

Venue is proper because Michael resides in Springfield, Illinois. See 28 U.S.C. § 1397 (providing that an action for civil interpleader "under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside").

### III. ANALYSIS

An interpleader action generally proceeds in two stages. First, the Court determines whether interpleader is warranted. Second, the Court resolves the merits of the claims. Aaron v. Mahl, 550 F.3d 659, 663 (7th Cir. 2008). The Court will not address the second stage at this time.

Interpleader is warranted where the stakeholder has a reasonable fear of double liability or conflicting claims. Here, Michael claims he is entitled to 100% of the benefit under the July 2015 beneficiary designation. However, the July 2015 beneficiary designation may have been made by Michael without authorization, in which case the beneficiary designation of June 2011 would apply. Because Plaintiff has a real and reasonable fear of double liability or conflicting claims, interpleader is warranted in this case.

Plaintiff has turned over the assets to the registry of the court. Once the stakeholder turns the assets over to the registry of the

court, the stakeholder's legal obligations to the claimants are satisfied, and the stakeholder is discharged.  See In re Mandalay Shores Coop. Hous. Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994); Lutheran Bhd. v. Comyne, 216 F. Supp. 2d 859, 863 (E.D. Wis. 2002) (discharging the stakeholder where the stakeholder properly sought interpleader relief); Exec. Risk Indem. Inc. v. Speltz & Weis, LLC, No. 09 C 2750, 2009 WL 3380972, at *2 (N.D. Ill. Oct. 16, 2009).  Therefore, Plaintiff is entitled to discharge.

**IT IS HEREBY ORDERED:**

**(1) Plaintiff's Motion for Discharge (d/e 10) is GRANTED;**

**(2) Plaintiff is discharged and dismissed with prejudice from this action;**

**(3) Plaintiff, having deposited with the Court the $29,000 Life Benefit payable due to the death of Vesta Harnett under Group Life Insurance Policy, No. 645746-C, has paid the full amount it could owe to any Defendant or any other person or entity under the Policy or otherwise and is therefore not liable and cannot be further liable to any of the Defendants or any other person or entity beyond the $29,000 it has deposited with the registry of the court;**

**(4) Defendants are restrained and enjoined from instituting any action or proceeding in any state or federal court against Plaintiff for recovery of the Life Benefit, including any interest or claims related thereto; and**

**(5) Defendants and all other persons claiming any interest in any amount deposited shall be and are required to litigate, interplead, and settle as among themselves their respective rights to the entire interpleaded sum of the Life Benefit deposited with the Court.**

**ENTER: October 16, 2017**

**FOR THE COURT:**

                          *s/Sue E. Myerscough*
                     **SUE E. MYERSCOUGH**
                     **UNITED STATES DISTRICT JUDGE**