IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STANDARD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-03060 |
| | ) | |
| MICHAEL J. HARNETT, BROOKE | ) | |
| KLETZLI, KELLEN KLETZLI, | ) | |
| CHRISTINA WEIPRECHT, and | ) | |
| MARQUITA L. HARNETT, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Complaint for Interpleader filed by Standard Insurance Company (Standard). Having reviewed the relevant documents, the Court distributes the interpleaded funds to Marquita L. Harnett in the amount of $23,444.44 and to Christina Weiprecht in the amount of $5,555.56. A default judgment is entered against the remaining defendants.

**I. BACKGROUND**

In March 2017, Standard filed this statutory interpleader action pursuant to 28 U.S.C. § 1335 naming as defendants Michael

J. Harnett, Brooke Kletzli, Kellen Kletzli, Christina Weiprecht, and Marquita L. Harnett. Because many of the parties share the same last name, the Court will refer to each party by his or her first name.

Standard deposited $29,000 in insurance proceeds with the Clerk of the Court and sought discharge. The only defendants who have appeared and participated in this action are Marquita, the decedent's daughter, and Christina, the decedent's granddaughter, who has appeared, without objection, through Vicky McCoy, who is Christina's agent pursuant to a power of attorney.

On October 16, 2017, this Court discharged and dismissed Standard from this action. See Opinion (d/e 17). The Court also issued an Entry of Default against Defendants Michael, Brooke, and Kellen. See d/e 16, 17, 18. The Court advised Michael, Brooke, and Kellen that the Court would enter a default judgment against each of them within 14 days of the date of the Entry of Default unless he or she could show good cause for setting aside the Entry of Default. None of these defendants has filed a response. Based on the information available to the Court, none of these defendants is a minor, incompetent, or a member of the military.

## II. ANALYSIS

An interpleader action generally proceeds in two stages. First, the Court determines whether interpleader is warranted. Second, the Court resolves the merits of the claims. Aaron v. Mahl, 550 F.3d 659, 663 (7th Cir. 2008). This Court previously found that interpleader was warranted. See Opinion (d/e 17). The Court will now resolve the merits of the claims.

Standard issued a Group Life Insurance Policy to the Albuquerque Public Schools on January 1, 2012. The Policy provided life insurance coverage to eligible employees of the Albuquerque Public Schools, including the decedent, Vesta Harnett. Vesta retired from employment with the Albuquerque Public Schools in 1991, 24 years before her death on September 17, 2015. Several years prior to her death, Vesta moved from Albuquerque to Springfield, Illinois. Upon Vesta's death, her lawful beneficiary or beneficiaries were eligible for life insurance benefits, which included a Basic Life Insurance Benefit of $4,000 and an Additional Life Insurance Benefit of $25,000. The total benefit of $29,000 is referred to as the "Life Benefit."

On July 22, 2015, Vesta named her son, Michael, as her agent in an Illinois Statutory Short Form Power of Attorney For Property. Within three days, and pursuant to the power of attorney, Michael changed Vesta's prior beneficiary designation to provide Michael with 100% of the Life Benefit.

However, under Illinois law, the agent under a power of attorney does not have the ability to change beneficiaries unless the power of attorney document specifically provides that he or she can do so. See 755 ILCS 45/3-4 (explaining the powers granted in the statutory short form power of attorney for property and noting that the agent does not have the power to change any beneficiary); Estate of Nicholls, 2011 IL App (4th) 100871, ¶¶ 24-26, 960 N.E.2d 78, 82-83 (Ill. App. Ct. 2011) (providing that the general grant of power in a power of attorney is insufficient to authorize the agent to change beneficiaries). Because the power of attorney form did not give Michael the authority to change the beneficiary designation, the last beneficiary designation by Vesta, which was made on June 15, 2011, remains in effect.

The 2011 beneficiary designation divides the $4,000 Basic Life Insurance Benefit equally between Vesta's children, Michael and

Marquita. The 2011 beneficiary designation divides the $25,000 Additional Life Insurance Benefit between Michael and Marquita (one-third each), and between Vesta's four grandchildren, Christina, Kellen, Brooke, and Sean Kletzli[1] (one-twelfth each).

Only Marquita and Christina have appeared in this action and made any claim to the proceeds. Therefore, the Court treats the non-appearing defendants as deceased under the Policy and divides the insurance proceeds pursuant to the 2011 beneficiary designation. The entire $4,000 Basic Life Insurance Benefit is awarded to Marquita. See Policy at 28 (d/e 1-2) (providing that, if two or more beneficiaries are named in a class, and only one survives, the total benefits will be paid to the surviving beneficiary).

The $25,000 Additional Life Insurance Benefit is divided as follows: (1) Marquita receives the 1/3 provided to her in the 2011 beneficiary designation: $ 8,333.33; (2) Christina receives the 1/12 provided to her in the 2011 beneficiary designation: $ 2,777.78; and (3) the remaining $13,888.89 is divided between Marquita and

---

[1] Standard did not name Sean Kletzli as a defendant in this case because, upon Standard's information and belief, Sean died in a motorcycle accident in 2014.

Christina in proportionate shares[2] such that Marquita receives $11,111.11 and Christina receives $2,777.78.  See Policy at 28 (applying the following where two or more beneficiaries are named in a class: "If you provide for unequal shares in a class, and two or more Beneficiaries in that class survive, we will pay each surviving Beneficiary his or her designated share.  Unless you provide otherwise, we will then pay the share(s) otherwise due to any deceased Beneficiary(ies) to the surviving Beneficiaries pro rata based on the relationship that the designated percentage or fractional share of each surviving Beneficiary bears to the total shares of all surviving Beneficiaries.").

### III. CONCLUSION

For the reasons stated, default judgment is entered against Defendants Michael J. Harnett, Brooke Kletzli, and Kellen Kletzli, and they are not entitled to any of the interpleaded funds.  The Clerk is DIRECTED to disburse the interpleaded funds as follows: the Clerk shall (1) issue a check to Marquita L. Harnett in the

---

[2] Marquita's proportionate share is four times that of Christina's share (4/12 compared to 1/12).  Therefore, the Court awarded 80% of the remaining funds to Marquita and 20% of the remaining funds to Christina.

amount of $23,444.44; and (2) issue a check to Christina Weiprecht in the amount of $5,555.56.  THIS CASE IS CLOSED.

**ENTER: November 6, 2017**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**